IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TYLER NORTON | CIVIL ACTION NO. 23-CV-354-WMW-JFD |
| Plaintiff, | |
| v. | |
| RENTGROW, INC., | |
| Defendant. | |

## ANSWER TO COMPLAINT

Defendant RentGrow, Inc. ("RentGrow"), by and through its undersigned counsel, answers Plaintiff's Complaint [Dkt. #1] as follows:

### ANSWER

Except as specifically admitted or qualified herein, RentGrow denies each and every allegation, statement, or thing set forth in the Complaint, and with respect to each of the specific paragraphs set forth in the Complaint further states and alleges as follows:

### I.     Preliminary Statement

1. In response to Paragraph 1, RentGrow admits that Plaintiff purports to bring this action pursuant to the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.). RentGrow denies each of the remaining allegations contained in Paragraph 1 of the Complaint, including any allegation that RentGrow violated 15 U.S.C. §§ 1681 *et seq.*

### II.     The Parties

2. RentGrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies them.

3.  In response to Paragraph 3, RentGrow states that its principal place of business is 400 5th Avenue, Suite 120, Waltham, Massachusetts 02451. To the extent that the allegations in Paragraph 3 set forth a legal conclusion, no response is required. To the extent that Paragraph 3 contains factual allegations about RentGrow's business, RentGrow alleges that it is a reseller consumer reporting agency as defined by 15 U.S.C. § 1681(a)(u) and denies each of the remaining allegations contained in Paragraph 3.

### III.  Jurisdiction and Venue

4.  The allegations in Paragraph 4 set forth a legal conclusion to which no response is required. To the extent that the allegations are contrary to law, they are denied.

5.  The allegations in Paragraph 5 set forth a legal conclusion to which no response is required. To the extent that the allegations are contrary to law, they are denied.

### IV.  Factual Allegations

6.  RentGrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies them.

7.  In response to Paragraph 7, RentGrow admits only that RentGrow transmitted tenant screening information regarding Plaintiff in response to a request from Monticello Village in June 2022 for the purpose of tenant screening. RentGrow denies any remaining allegations in Paragraph 7.

8.  To the extent that the allegations in Paragraph 8 paraphrase or characterize the contents of a written document, RentGrow denies the allegations that are inconsistent with the document. RentGrow denies any remaining allegations in Paragraph 8.

9.  In response to Paragraph 9, RentGrow admits only that RentGrow transmitted tenant screening information regarding Plaintiff in response to a request it received from Monticello Village for the purpose of tenant screening. To the extent that the allegations in Paragraph 9 paraphrase or characterize the contents of a written document, RentGrow denies the

allegations that are inconsistent with the document. RentGrow denies any remaining allegations in Paragraph 9.

10. To the extent that the allegations in Paragraph 10 paraphrase or characterize the contents of a written document, RentGrow denies the allegations that are inconsistent with the document. RentGrow denies any remaining allegations in Paragraph 10.

11. RentGrow denies the allegations in Paragraph 11.

12. RentGrow denies the allegations in Paragraph 12.

13. RentGrow denies the allegations in Paragraph 13.

14. In response to Paragraph 14, RentGrow admits only that RentGrow transmitted tenant screening information regarding Plaintiff in response to a request it received from Monticello Village for the purpose of tenant screening. RentGrow denies any remaining allegations in Paragraph 14.

15. In response to Paragraph 15, RentGrow admits only that RentGrow transmitted tenant screening information regarding Plaintiff in response to a request it received from Monticello Village for the purpose of tenant screening. RentGrow denies any remaining allegations in Paragraph 15.

16. In response to Paragraph 16, RentGrow admits only that RentGrow transmitted tenant screening information regarding Plaintiff in response to a request it received from Monticello Village for the purpose of tenant screening. RentGrow denies any remaining allegations in Paragraph 16.

17. RentGrow denies the allegations in Paragraph 17.

18. RentGrow denies the allegations in Paragraph 18.

19. RentGrow denies the allegations in Paragraph 19.

20. RentGrow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21. RentGrow denies the allegations in Paragraph 21.

## COUNT I – VIOLATIONS OF THE FCRA

22. In response to Paragraph 22, RentGrow incorporates the foregoing responses as though they were set forth in full here.

23. The allegations in Paragraph 23 set forth a legal conclusion to which no response is required. To the extent that the allegations are contrary to law, they are denied.

24. The allegations in Paragraph 24 set forth a legal conclusion to which no response is required. To the extent that the allegations are contrary to law, they are denied.

25. The allegations in Paragraph 25 set forth a legal conclusion to which no response is required. To the extent that the allegations are contrary to law, they are denied.

26. RentGrow denies the allegations in Paragraph 26.

27. RentGrow denies the allegations in Paragraph 27.

## JURY TRIAL DEMAND

28. Paragraph 28 contains no allegations, and so no response is required. If a response is required, RentGrow admits that Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

29. RentGrow denies that Plaintiff is entitled to any actual, statutory, or punitive damages, attorneys' fees, costs, or interest, or any other type of relief against RentGrow as set forth in the prayer for relief in the Complaint.

## AFFIRMATIVE DEFENSES

As separate, alternative, and affirmative defenses to the Complaint, RentGrow alleges:

1. The Complaint fails to state a claim against RentGrow upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because he did not suffer any damages caused by an act or omission of RentGrow.

3.	If Plaintiff has suffered any damages, which RentGrow denies, Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate any such damages, if any.

4.	If Plaintiff has suffered any damages, which RentGrow denies, such damages were caused, in whole or in part, by Plaintiff's comparative fault in failing to use ordinary care and diligence or engaging in other conduct contributing to or causing such damages. Therefore, in the event that RentGrow is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against RentGrow must be reduced or limited by Plaintiff's comparative or contributory fault.

5.	If Plaintiff has suffered any damages, which RentGrow denies, such damages may have been caused, in whole or in part, by the actions or omissions of other persons or entities over which RentGrow had no control and for which RentGrow is not liable. Therefore, in the event that RentGrow is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against RentGrow must be reduced and limited by the comparative fault of such persons or entities.

6.	Plaintiff's claims fail because it was permissible for RentGrow to rely on information it received about Plaintiff's criminal record information from its criminal court record vendors, which are well-established, reputable, and reliable nationwide vendors of criminal record information.

7.	As a reseller consumer reporting agency, 15 U.S.C. § 1681e(b) does not apply to RentGrow.

8.	To the extent that 15 U.S.C. § 1681e(b) applies, RentGrow cannot be liable because the information provided by its criminal court record vendors was not inaccurate on its face.

9.	To the extent Plaintiff claims RentGrow willfully violated the FCRA, which RentGrow denies, any violation was not willful because, *inter alia*, RentGrow's interpretation of

the FCRA is not objectively unreasonable. *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 70 (2007).

10. Plaintiff has no cause of action under 15 U.S.C. § 1681e(b) because RentGrow at all times maintained and followed reasonable procedures to assure maximum possible accuracy of the information regarding Plaintiff.

11. Although RentGrow denies that it committed or has responsibility for any act that could support the recovery of punitive damages, to the extent that Plaintiff seeks, and applicable law generally permits, the recovery of punitive damages, any award of such damages in this case would violate the United States and applicable state constitutions and is therefore barred.

12. Plaintiff cannot recover against RentGrow to the extent that the Complaint, and each of its purported causes of action, are barred by any applicable statute of limitations/repose, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

13. RentGrow reserves all defenses under Federal Rules of Civil Procedure 8 and 12, and any additional defenses and avoidances that may apply through discovery or otherwise.

**WHEREFORE**, RentGrow denies any legal obligation or liability to Plaintiff, prays that Plaintiff takes nothing, and respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint with prejudice and deny all relief sought by Plaintiff;

B. Enter judgment in RentGrow's favor on each and every claim set forth in the Complaint;

C. Award RentGrow its costs and fees incurred, including, but not limited to reasonable attorneys' fees; and

D. Award RentGrow such other and further relief as the Court deems just and proper.

Dated: May 18, 2023                                         **WINTHROP & WEINSTINE, P.A.**


By: *s/Joseph M. Windler*
    Joseph M. Windler, #387758

225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
T: (612) 604-6646 | F: (612) 604-6846
jwindler@winthrop.com
***Attorney for Defendant RentGrow, Inc.***

4865-3065-6097                                      7

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2023 a true and correct copy of the foregoing **ANSWER TO COMPLAINT** was filed and served via CM/ECF upon all counsel of record.

Thomas J. Lyons Jr., Esq.
Consumer Justice Center P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-907
Tommy@consumerjusticecenter.com

Joseph L. Gentilcore, Esq.
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA  19103
Telephone: (215) 735-8600

*Attorneys for Plaintiff*

                                                      */s/Joseph M. Windler*
                                                      Attorney for Defendand

26418382v1