UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tyler Norton, | No. 0:23-cv-354 (WMW/DLM) |
| Plaintiff, | |
| v. | **RULE 26(f) REPORT** |
| RentGrow Inc., | |
| Defendant. | |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on July 11, 2023, and prepared the following report.

The initial pretrial conference in this matter is scheduled for **September 7, 2023 at 11:00 a.m.** before United States Magistrate Judge Douglas L. Micko, via Zoom Audio-only conference.

## DESCRIPTION OF THE CASE

1. **Concise factual summary of plaintiff's claims:**

Plaintiff brings claims against Defendant for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et seq. Defendant is a "Consumer Reporting Agency" as that term is defined by 15 U.S.C. § 1681a(f), and its preparation of consumer reports is regulated by 15 U.S.C. § 1681e(b). Defendant is not a "reseller" as that term is defined by 15 U.S.C. 1681a(u) because the source of the information in the subject report is not a "Consumer Reporting Agency" as detailed in declarations filed in other federal cases brought against Defendant for violations of the FCRA. Even if Defendant qualifies as a "reseller," it is still required to comply with 15 U.S.C. § 1681e(b) when it prepares its

1

reports. The argument to the contrary has been resoundingly rejected by courts throughout the country—especially in the context of reporting on public records. In fact, Defendant's blind reliance on a third party source for public records, when those records are available through the public source, can, in and of itself, be a basis for imposing punitive damages. Accordingly, in preparing its reports, Defendant is required to follow reasonable procedures to assure the maximum possible accuracy of the information in the report.

Defendant violated 15 U.S.C. 1681e(b) when it prepared a consumer report on Plaintiff, containing erroneous and highly derogatory information. Had Defendant prepared Plaintiff's report using maximum possible accuracy, Defendant would have stated that there were "no reportable records found" relating to the criminal background investigation it conducted, and Plaintiff would have been able to rent the apartment from Monticello. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to Monticello and other unknown third parties since 2022.

2. **Concise factual summary of defendants' claims/defenses:**

**Defendant RentGrow:** RentGrow is a reseller consumer reporting agency ("CRA") as defined by the FCRA, 15 U.S.C. § 1681a(u), <u>not</u> 15 U.S.C. § 1681a(f). As a reseller CRA, RentGrow acts as an intermediary that obtains already-prepared consumer report information from a data-furnishing CRA, and then assembles and transmits the information along to an end user – in this case, the Monticello Village Apartment Complex ("Monticello Village") in a format tailored to that user's needs. RentGrow does not in any way collect and evaluate any consumer information from the original sources/databases

to prepare a consumer report, nor does RentGrow maintain any database of consumer information.

In connection with Mr. Norton's application for an apartment rental with Monticello Village, Monticello Village requested tenant screening information for Mr. Norton from RentGrow. RentGrow assembled and merged the tenant screening information it received from its vendors, including Cleara, LLC, ("Cleara"), a comprehensive and reputable background screening company. Cleara reported that Mr. Norton had a 2021 criminal conviction for three charges of "Burglary-3rd Deg-Steal/Commit Felony or Gross Misd," with the offense degree listed as "Felony." Pursuant to Monticello Village's screening criteria, the result of the screening was "Reject," with two reasons: (1) "Criminal History Does Not Meet Property Requirements," and (2) Limited Credit Experience. After receiving a copy of the tenant screening information, Plaintiff submitted disputes to RentGrow, claiming that the burglary charge was reduced from a felony to a misdemeanor. Upon receipt of Mr. Norton's dispute, RentGrow initiated a dispute on Mr. Norton's behalf with Cleara and conducted its own investigation, though it had no duty to do so.  As a result of these steps, the tenant screening information was updated to reflect Mr. Norton's criminal record as one charge – "Burglary-3rd Deg-Steal/Commit" with the offense degree listed as "Gross Misd." Due to Monticello Village's screening criteria, the screening result did not change; it remained "Reject" with the same two reasons.

RentGrow fulfilled its obligations as a reseller by ensuring the criminal record it received from Cleara was reportable on its face and belonged to Mr. Norton and accurately reporting the information provided by Cleara. As a reseller CRA, RentGrow was entitled to rely on the record as reported by Cleara, a reputable and reliable third-party vendor, because the record was not inaccurate on its face. Like this court held in *Stublaski v. Experian Info. Sols., Sols., Inc.*, "absent some allegation that [the reseller] inaccurately reported the information given to it by [the CRA], [Plaintiff] has failed to make out a claim under § 1681e(b). CV 09-1635 (PAM/JJK), 2009 WL 10689002, at *2 (D. Minn. Oct. 22,

3

2009). Plaintiff's contention that RentGrow is not a reseller is incorrect because RentGrow obtained the information from Cleara, which is a CRA. Regardless of declarations submitted by third parties in *other* cases, when a party's actions meet the definition of CRA, the court will find that the party is a CRA. *Adams v. Nat'l Eng'g Serv. Corp.*, 620 F. Supp. 2d 319, 328 (D. Conn. 2009) (analyzing defendant's conduct to determine whether it qualified as a CRA). In this case, Cleara was acting as a CRA.

But in any event, because Mr. Norton's gross misdemeanor and limited credit experience still did not meet Monticello Village's tenant screening criteria, there is no causal connection between the prior listing of Mr. Norton's offense as a "Felony" and Monticello Village's rejection of his application or his claimed damages. Additionally, any claim of willfulness fails because, *inter alia*, RentGrow's interpretation of the FCRA is not objectively unreasonable. RentGrow also fulfilled its obligations as a reseller by maintaining a robust dispute process, by promptly accepting Plaintiff's dispute, submitting it to Cleara, going above and beyond its duties by conducting its own investigation, and promptly and accurately conveying the reinvestigation results from Cleara to both Mr. Norton and Monticello Village.

3. **Statement of jurisdiction (including statutory citations):**

    The parties agree that the jurisdiction of this Court arises under 28 U.S.C. § 1331 for subject matter jurisdiction and pursuant to 15 U.S.C. § 1681 for claims under the Fair Credit Reporting Act.

4. **Factual stipulations or agreements:**

    No factual stipulations.

    The parties agree that all written discovery may be served by email, with service of all pleadings, motions, and other Court filings by ECF. Service by email to RentGrow will include counsel of record, with a copy to docket@swlaw.com. Service on Plaintiff will include counsel of record, with a copy to croth@consumerlawfirm.com and andi@consumerjusticecenter.com.

2009). Plaintiff's contention that RentGrow is not a reseller is incorrect because RentGrow obtained the information from Cleara, which is a CRA. Regardless of declarations submitted by third parties in *other* cases, when a party's actions meet the definition of CRA, the court will find that the party is a CRA. *Adams v. Nat'l Eng'g Serv. Corp.*, 620 F. Supp. 2d 319, 328 (D. Conn. 2009) (analyzing defendant's conduct to determine whether it qualified as a CRA). In this case, Cleara was acting as a CRA.

But in any event, because Mr. Norton's gross misdemeanor and limited credit experience still did not meet Monticello Village's tenant screening criteria, there is no causal connection between the prior listing of Mr. Norton's offense as a "Felony" and Monticello Village's rejection of his application or his claimed damages. Additionally, any claim of willfulness fails because, *inter alia*, RentGrow's interpretation of the FCRA is not objectively unreasonable. RentGrow also fulfilled its obligations as a reseller by maintaining a robust dispute process, by promptly accepting Plaintiff's dispute, submitting it to Cleara, going above and beyond its duties by conducting its own investigation, and promptly and accurately conveying the reinvestigation results from Cleara to both Mr. Norton and Monticello Village.

3. **Statement of jurisdiction (including statutory citations):**

    The parties agree that the jurisdiction of this Court arises under 28 U.S.C. § 1331 for subject matter jurisdiction and pursuant to 15 U.S.C. § 1681 for claims under the Fair Credit Reporting Act.

4. **Factual stipulations or agreements:**

    No factual stipulations.

    The parties agree that all written discovery may be served by email, with service of all pleadings, motions, and other Court filings by ECF. Service by email to RentGrow will include counsel of record, with a copy to docket@swlaw.com. Service on Plaintiff will include counsel of record, with a copy to croth@consumerlawfirm.com and andi@consumerjusticecenter.com.

5. **Statement of whether a jury trial has been timely demanded by any party:**

   Plaintiff has requested a jury trial.

6. **Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:**

   The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

7. **If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.**

   Not applicable.

8. **If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.**

   The parties **have not agreed** the case should be resolved under the Rules of Procedure for Expedited Trials.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **August 31, 2023**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **March 1, 2024.**

3. The parties do not believe that the discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

   a) No more than **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each party to any other party.

      b)    No more than **25 document requests** shall be served by each party to any other party. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

      c)    No more than **25 requests for admission** shall be served by each party to any other party.

5. No more than **2 Rule 35 Medical Examinations** shall be taken by Defendant and completed by **October 1, 2023**. At this time, Defendant is not aware of whether Plaintiff is claiming mental or physical injuries, but reserves the right to seek medical examinations if so.

6. No more than **8 fact depositions**, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for notifying and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

    The parties have reached the following additional agreements concerning the taking of depositions:

    **The parties agree to confer about deposition dates before noticing depositions.**

8. The parties have agreed upon the following additional limitations on discovery procedures:

    **The parties have discussed and have agreed that Depositions may be conducted remotely, and service of documents may be conducted electronically.**

9. <u>Other discovery issues</u>.

          a)    Discovery of Electronically Stored Information. The parties have discussed issues about the preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

      ESI shall be produced in PDF or TIFF format, except for Excel spreadsheets which may be produced in Excel format, and with full searchable text where applicable (i.e. scanned documents shall be run through optical character recognition systems prior to production). The parties do not anticipate significant electronic discovery. Metadata need not be produced, but if a party believes metadata is needed after receiving certain documents, the parties will confer at that time.

      [**NOTE**: If it appears there will be significant electronic discovery, the parties should agree upon and attach to this Report an Electronically Stored Information ("ESI") Protocol, identifying any differences in position between the parties that should be addressed at the Pretrial Conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.]

b)    Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

        The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

    If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here:

7

## EXPERT DISCOVERY

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure to such experts as well.)

**N/A**

The parties anticipate that they will require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to 1 expert. Defendant anticipates calling up to 2 experts. There shall be no more than 1 deposition of each expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a)  Identities by Plaintiff on or before **February 1, 2024**.
        Disclosures by Plaintiff on or before **February 1, 2024.**

    b)  Identities by Defendant on or before **March 28, 2024**.
        Disclosures by Defendant on or before **March 28, 2024**.

    c)  Rebuttal identities and disclosures on or before **April 18, 2024**.

3. Expert discovery, including depositions, shall be completed by **May 10, 2024**.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **November 1, 2023**.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **November 1, 2023**.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **March 15, 2024**. [**NOTE**: Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

4.  All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **May 15, 2024**. [**NOTE**: Absent unusual circumstances, this date should be no more than two weeks following the close of fact discovery.]

## PROTECTIVE ORDER.

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed protective order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [NOTE: The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court **(http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf or http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx)**.] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to Magistrate Judge Micko's chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

The parties agree to use the form protective order provided at **(http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf or http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx).**

## DISPOSITIVE MOTION DEADLINES

The parties **do not** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **May 15, 2024**.

9

## **SETTLEMENT**

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by Plaintiff and a written response by Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows:

   **The parties wish to participate in a settlement conference before the Magistrate Judge. Prior to the conference, discovery is needed on Plaintiff's alleged damages.**

2. Each party will email to Magistrate Judge Micko's chambers, no later than **one (1) week** before the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Micko in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Micko for a ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1. Trial by Magistrate Judge:

   The parties **have not agreed** to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to the magistrate judge's jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on **October 7, 2024,** the anticipated length of the **jury** trial is **3-5 days**.

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
|---|---|
| By: *s/Thomas J Lyons Jr.* <br> Thomas J. Lyons, Jr., Esq. <br> Attorney I.D. #: 0249646 <br> CONSUMER JUSTICE CENTER, P.A. <br> 367 Commerce Court <br> Vadnais Heights, MN 55127 <br> Telephone:  (651) 770-9707 <br> Facsimile:   (651) 704-0907 <br> tommy@consumerjusticecenter.com <br><br> Joseph L. Gentilcore, Esq. <br> FRANCIS MAILMAN SOUMILAS, P.C. <br> 1600 Market Street, Suite 2510 <br> Philadelphia, PA 19103 <br> T: 215-735-8600 <br> F: 215-940-8000 <br> Jgentilcore2consumerlawfirm.com <br> (*Admitted Pro Hac Vice*) <br><br> Dated: August 31, 2023 | By: *s/ Joseph M. Windler* <br> Joseph M. Windler, #387758 <br> WINTHROP & WEINSTINE, P.A. <br> 225 South Sixth Street, Suite 3500 <br> Minneapolis, MN 55402 <br> T: (612) 604-6646 F: (612) 604-6846 <br> jwindler@winthrop.com <br><br> Dated: August 31, 2023 |

11